UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

VS.                                CASE NO: 2:15-cr-3-FtM-29CM

JEFFREY IHM

_____

**ORDER**

This matter comes before the Court on defendant's Opposed Motion for Leave to File a Motion to Dismiss the Superseding Indictment; and Opposed Motion to Dismiss the Superseding Indictment (Doc. #83) filed on November 13, 2015.  The government filed an Amended Response in Opposition (Doc. #92) and defendant filed a Reply (Doc. #95).

Defendant seeks leave to file the motion to dismiss the Superseding Indictment, and to dismiss the Superseding Indictment. The Court will grant leave to file the motion, which is considered below.  "In ruling on a motion to dismiss for failure to state an offense, a district court is limited to reviewing the *face* of the indictment and, more specifically, the *language used* to charge the crimes. [ ] It is well-settled that a court may not dismiss an indictment . . . on a determination of facts that should have been developed at trial."  United States v. Sharpe, 438 F.3d 1257, 1263 (11th Cir. 2006) (internal citations omitted) (emphasis in original).

Defendant seeks to dismiss the Superseding Indictment (Doc. #18) for failure to allege interstate commerce with specificity, including how each wire transfer crossed state lines and affected interstate commerce. Alternatively, defendant seeks dismissal of Counts One through Seven of the Superseding Indictment because they involve intrastate ACH payment wire transfers occurring within the State of Florida. Also in the alternative, defendant seeks dismissal for failure "to state a cause of action, and/or that there is insufficient evidence" to establish wire fraud. Defendant also argues that Counts Eleven through Fourteen refer to "Wells Fargo Bank", however there is no such entity, or the Superseding Indictment does not include or reference the other related entities, including Wells Fargo Bank, N.A. and Wells Fargo Equipment Finance, Inc., and therefore defendant will not have double jeopardy protection.

Having reviewed the Superseding Indictment, and the arguments in the incorporated motion to dismiss, the Court finds that the Superseding Indictment is sufficiently presented on its face, and protects defendant's double jeopardy rights. Evidentiary matters raised by defendant cannot be considered on a motion to dismiss.

Accordingly, it is hereby

**ORDERED:**

Defendant's Opposed Motion for Leave to File a Motion to Dismiss the Superseding Indictment; and Opposed Motion to Dismiss the Superseding Indictment (Doc. #83) is **GRANTED in part and DENIED in part.**  Defendant's motion for leave to file a motion to dismiss is **GRANTED** to the extent that the motion to dismiss was considered, and the motion to dismiss is **DENIED.**

**DONE and ORDERED** at Fort Myers, Florida, this ___28th___ day of December, 2015.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record