UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.                                             CASE NO: 2:15-cr-3-FtM-29CM

JEFFREY IHM

## ORDER

This matter comes before the Court upon review of Petitioner Wells Fargo Equipment Finance, Inc.'s ("Petitioner") Unopposed Motion for Leave to Conduct Discovery in Ancillary Forfeiture Proceeding (Doc. 188) filed on April 17, 2017. Petitioner seeks to conduct discovery regarding factual issues raised in its Verified Petition for Remission ("Petition") (Doc. 175). Doc. 188 at 1. The Government does not oppose the requested relief. *Id.* at 4.

On February 4, 2015, the grand jury returned a nineteen-count Superseding Indictment against Defendant, which included fourteen counts of wire fraud in violation of 18 U.S.C. § 1343. Doc. 18. On August 24, 2016, Defendant pleaded guilty to Counts One through Nineteen of the Superseding Indictment. Docs. 148, 149. On August 25, 2016, Senior United States District Judge John E. Steele adjudicated him guilty of Counts One through Nineteen of the Superseding Indictment. Doc. 151.

On October 6, 2016, the Government filed a Motion for Forfeiture Money Judgment and Preliminary Order of Forfeiture for Specific Assets, seeking a forfeiture money judgment against Defendant in the amount of $2,234,681.00. Doc.

154 at 1. The Government argued that Defendant acquired the proceeds as the result of a wire fraud scheme. *Id.* The Government also sought forfeiture of various assets including:

> Real property, including all improvements thereon and appurtenances thereto, located at 3343 Pacific Drive, Naples, Collier County, Florida 34119, more particularly described as:
>
> Lot 225, Riverstone – Plat Three, according to the plat hereof, as recorded in Plat Book 52, at Page 19, of the Public Records of Collier County, Florida.
>
> Property Identification Number: 69770004788.

(the "Real Property") *Id.* On January 31, 2017, Judge Steele granted the Government's motion for forfeiture, entered a forfeiture money judgment against Defendant in the amount of $2,234,681.00, and forfeited the identified assets including the Real Property. Doc. 168. Judge Steele held that his Order will become a final order of forfeiture at sentencing. *Id.* at 2.

On February 21, 2017, Petitioner filed its Petition, asserting its legal interest in the Real Property. Doc. 175. Petitioner argued that it is entitled to a constructive trust and an equitable lien over the Real Property because Defendant purchased the Real Property with funds he obtained from Petitioner through his wire fraud scheme. *Id.* at 1-2. As a result, Petitioner asserted that its legal rights and interests in the Real Property are superior to those of Defendant. *Id.* at 2. On April 17, 2017, Petitioner filed the present motion, arguing that it seeks to conduct discovery to ascertain whether Defendant made additional deposits with Petitioner's funds. Doc. 188 at 2. Petitioner also argues that it needs to conduct discovery to

authenticate and qualify the documents in its possession for their admissibility at trial and to obtain other parties' documents related to the purchase and ownership of the Real Property. *Id.* Petitioner requests to conduct discovery for a period of between 90 and 120 days. *Id.* at 3.

Rule 32.2(c) of the Federal Rules of Criminal Procedure states:

> **(1) In General.** If, as prescribed by statute, a third party files a petition asserting an interest in the property to be forfeited, the court must conduct an ancillary proceeding, but no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment.
>
>> **(A)** In the ancillary proceeding, the court may, on motion, dismiss the petition for lack of standing, for failure to state a claim, or for any other lawful reason. For purposes of the motion, the facts set forth in the petition are assumed to be true.
>>
>> **(B)** After disposing of any motion filed under Rule 32.2(c)(1)(A) and before conducting a hearing on the petition, the court may permit the parties to conduct discovery in accordance with the Federal Rules of Civil Procedure if the court determines that discovery is necessary or desirable to resolve factual issues. . . .

Fed. R. Crim. P. 32.2(c).

Here, the Court finds it appropriate to permit Petitioner's discovery under Rule 32.2(c)(1)(B). There is no pending motion to dismiss under Rule 32.2(c)(1)(A), and Petitioner contends that discovery is necessary to resolve factual issues presented in the Petition. Doc. 188 at 3. Furthermore, the Government does not oppose Petitioner's conducting discovery. *Id.* As a result, the Court will permit Petitioner to conduct discovery in any manner authorized under the Federal Rules of Civil Procedure for a period of 120 days.

ACCORDINGLY, it is hereby

**ORDERED:**

Petitioner Wells Fargo Equipment Finance, Inc.'s Unopposed Motion for Leave to Conduct Discovery in Ancillary Forfeiture Proceeding (Doc. 188) is **GRANTED**. Petitioner shall have up to and including **August 25, 2017** to conduct discovery related to its Verified Petition for Remission (Doc. 175) pursuant to the Federal Rules of Civil Procedure.

**DONE** and **ORDERED** in Fort Myers, Florida on this 28th day of April, 2017.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record