```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

UNITED STATES OF AMERICA

VS.                                    CASE NO: 2:15-cr-3-FtM-29CM

JEFFREY IHM
_____

**ORDER**

This matter comes before the Court on defendant's Emergency Motion for Compassionate Release Pursuant to 18 U.S.C. 3582(c)(1)(A)(i) Catch-All Provision (Doc. #221) filed on June 30, 2020.  Upon review, the Court directed the government to file an expedited response.  (Doc. #222.)  On July 6, 2020, defendant filed an Amendment to Emergency Motion for Compassionate Release (Doc. #223) and another Emergency Motion for Compassionate Release Death of the Family Member Caregiver (Doc. #224).  On July 8, 2020, the government filed a Response in Opposition (Doc. #225). On May 18, 2020, the Court denied defendant's first Emergency Motion Emergency Motion for Compassionate Release Pursuant to 18 U.S.C. 3582(c)(1)(A) (Doc. #217) without prejudice because the Court has no authority to order home confinement, and also for failure to exhaust.  (Doc. #220.)

Defendant states that he is 53 years of age and was diagnosed with hypertension and osteoarthritis.  Defendant takes three medications and he has a "mental diagnosis" placing him in grave

danger of contracting and even dying from COVID-19. Defendant is currently incarcerated at FCI Camp, in Miami, Florida, with a projected release date of January 3, 2025. Defendant states that his wife died of leukemia leaving their daughter without a caregiver. Defendant states that he filed a motion with Warden Jenkins on May 22, 2020, and he has served more than 54% of his sentence without incident or violence. Defendant argues that the BOP's policy of a lock down is insufficient to protect inmates from contracting COVID-19, and the medical staff is understaffed.

Defendant argues extraordinary and compelling circumstances exist because his minor daughter has no parental caregiver and she has traveled from family to family since she was 15 years old because her grandparents are in their 80s with medical complications leaving them unable to care for her. In the Amendment, defendant notes the presence of staff members who tested positive for COVID-19, as well as 7 inmates. In the third motion for release, defendant argues that "the risk of his daughter losing both parents multiplies [exponentially] with each passing hour." (Doc. #224, p. 2.) Defendant argues that his daughter will face social burdens and potential stigma due to having an incarcerated parent, and as a teenager, the burdens are heightened. Defendant states that she has two older brothers, however one is an engineering student and the other only just finished up at Arizona State University. (Id., p. 7.) Defendant notes that he has

gained certifications as a Quality Assurance Associate and an SAP Enterprise Software, and has received counseling to help learn about what cause his criminal behavior. (Id., p. 13.)

As previously noted, the Court has no authority to order home confinement, and this request need not be reconsidered. As to a reduction in sentence or compassionate release, a district court has "no inherent authority" to modify an already imposed imprisonment sentence. United States v. Diaz-Clark, 292 F.3d 1310, 1315, 1319 (11th Cir. 2002). "The authority of a district court to modify an imprisonment sentence is narrowly limited by statute." United States v. Phillips, 597 F.3d 1190, 1194–95 (11th Cir. 2010). A term of imprisonment may be modified only in limited circumstances. 18 U.S.C. § 3582(c).

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent they are applicable, if it finds that [ ] extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i). The government confirmed on July 8, 2020, that defendant's Inmate Request to Staff was submitted

and reviewed, and 30 days from the date the Warden received the request has lapsed. (Doc. #225, p. 12 n.5.) Therefore, defendant has exhausted his administrative remedies.

The BOP has implemented extensive measures to combat the risks of contracting COVID-19, including screening of every newly admitted inmate, a minimum 14 day quarantine period, and stopping all social and legal visits as of March 13, 2020. Staff at the facility are also screened, and a temperature of 100.4 degrees or higher bars the staff member from the facility. (Doc. #225, pp. 6-7.) Potential exposure to COVID-19 is not alone an extraordinary and compelling reason to grant a reduction in sentence. As of July 8, 2020, there have been 15 cases of inmates and two cases of staff testing positive for COVID-19 at defendant's facility. (Id., p. 16.)

Defendant provided information regarding his medications, but nothing further with regard to the impact of his diagnosis on his ability for self-care. United States Sentencing Guideline Manual §1B1.13, cmt. n.1(A) provides that an extraordinary and compelling reason may exist if defendant is suffering from a terminal illness, or as is relevant here, "suffering from a serious physical or medical condition" "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." The Court finds that defendant has failed to

demonstrate that his medical conditions prevent self-care, or that extraordinary and compelling reasons exist for a reduction in sentence based on his medical conditions.

Another extraordinary and compelling reason for a reduction in sentence can be the "death or incapacitation of the caregiver of the defendant's minor child or minor children", or the "incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." U.S. Sentencing Guidelines Manual §1B1.13, cmt. n.1(C).  Defendant's wife passed away in 2018, and his daughter is currently 17 years old.  The government argues that defendant has not demonstrated that defendant is the only available caregiver, and that there is no other family members or adequate care options available for his daughter.  The defendant noted his daughter has two adult brothers, but grandparents who are unable to take care of her.  It is unclear where the daughter has been living and why that is no longer viable, how often she has had to move or why, and whether there are other relatives in the country.  The fact is, defendant's daughter will soon be a legal adult and he has not shown that she is in imminent danger or that she may end up in the custody of the Department of Children and Family Services.  Further, the fact that she has two adult brothers that may be busy with their own school or lives does not mean that they could not help with food and shelter for their

younger sister. The Court finds that the circumstances of defendant's daughter are not compelling or extraordinary so as to justify defendant's release. Defendant's daughter has managed since the 2018 death of her mother, and has family who could assist. The motion will be denied.

Accordingly, it is hereby

**ORDERED:**

1. Defendant's Emergency Motion for Compassionate Release Pursuant to 18 U.S.C. 3582(c)(1)(A)(i) Catch-All Provision (Doc. #221) is **DENIED.**

2. Defendant's Emergency Motion for Compassionate Release Death of the Family Member Caregiver (Doc. #224) is **DENIED.**

**DONE and ORDERED** at Fort Myers, Florida, this __14th__ day of July, 2020.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record